UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DANTE PAULK, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) Cause No. 3:16-cv-76-MGG |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This matter is before the court on the consent of both parties. ECF 13. Dante Paulk, a pro se prisoner, filed a habeas corpus petition challenging WCC 15-10-13, a prison disciplinary proceeding where a Disciplinary Hearing Officer (DHO) found him guilty of attempting to traffic contraband in violation of Indiana Department of Correction (IDOC) policy A-111 and A-113. ECF 2 at 1. As a result, he was sanctioned with the loss of 30 days earned credit time. *Id.* While Paulk lists three grounds in his petition, his claims all challenge the sufficiency of the evidence used to find him guilty.

The imposition of prison discipline will be upheld so long as there is some evidence to support the finding. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> The findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum

> of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

IDOC A-111 prohibits an inmate from "[a]ttempting or conspiring or aiding and abetting with another to commit any Class A offense." Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. IDOC A-113 prohibits an inmate from "[e]ngaging in trafficking (as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the same facility." *Id.* Indiana law 35-44.1-3-5 defines the offense of trafficking as:

> (b) A person who, without the prior authorization of the person in charge of a penal facility or juvenile facility, knowingly or intentionally:
>
> (1) delivers, or carries into the penal facility or juvenile facility with intent to deliver, an article to an inmate or child of the facility;
>
> (2) carries, or receives with intent to carry out of the penal facility or juvenile facility, an article from an inmate or child of the facility; or
>
> (3) delivers, or carries to a worksite with the intent to deliver, alcoholic beverages to an inmate or child of a jail work crew or community work crew…

IC § 35-44.1-3-5 (West).

Here, the Conduct Report charged Paulk as follows:

> On the above date and time Offender Paulk, Dante # 159315 was at work at DNR Tree Nursery when after using the restroom, DNR Officer Braun, Beulah checked the restroom and found 3 bags of brown leafy substance, 1 16 oz bag of brown leafy substance in the area Offender D. Paulk was at, plus Offender D. Paulk was the only worker at the site.

ECF 8-1 at 1. The property manager of the nursery submitted the following memorandum regarding the incident:

2

> On September 25th, 2015, we had one offender, Donte Paulk, assigned to our work crew. While he was in the men's restroom, nursery employee Beulah Braun heard the toilet tank lid clang from the room next door. After Paulk left the building to go to his work area, Braun went into the men's restroom and found tobacco and other items in the toilet tank. She reported this to Property manager John Karstens who then removed a bag of tobacco along with another bag containing an unknown substance and some black electric tape. Karstens then left phone messages with DOC personnel and later emailed DOC staff to report the incident.

ECF 8-2 at 1. During the hearing, the DHO considered the staff reports, statements from Paulk, and the photograph of the contraband. ECF 8-7 at 1. Based on this evidence, the DHO found Paulk guilty.

Paulk argues that the DHO did not have sufficient evidence to find him guilty because he was not in physical possession of the contraband. ECF 2 at 2. Paulk also argues that he should not have been found guilty because the contraband was discovered in a public area. *Id.* Finally, Paulk argues that the DHO improperly relied on hearsay evidence. *Id.* Respondent claims that the DHO had sufficient evidence to find Paulk guilty, and argues that Paulk's petition amounts to an improper request that the court re-weigh the evidence. ECF 8 at 5.

A prisoner may be found guilty of a disciplinary infraction based on circumstantial evidence. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) (hearing officer permitted to rely on circumstantial evidence to find offender guilty); *Brenneman v. Knight*, 297 F. App'x 534, 536 (7th Cir. 2008) (holding that email from prison instructor recounting prisoner's offensive contact was sufficient evidence of prisoner's guilt).

This court is guided by two Seventh Circuit cases considering the use of circumstantial evidence. First, in *Hamilton v. O'Leary*, a prisoner filed a habeas corpus petition challenging his disciplinary conviction for possession of a weapon. 976 F.2d 341, 346 (7th Cir. 1992). There, prison officials conducted a search of a vent in a cell and discovered six homemade weapons. Four inmates occupied the cell and all four inmates were disciplined. The Seventh Circuit held that,

despite the absence of direct evidence linking the petitioner to the weapon, there was a 25% chance that the petitioner was guilty, and this was "some evidence" to support the disciplinary finding.

Conversely, in *Austin v. Pazera*, the Seventh Circuit held that there was insufficient evidence to find a prisoner guilty of constructive possession. 779 F.3d 437, 438–40 (7th Cir. 2015). Austin, an inmate, was assigned to work in the parole office. *Id.* at 438. He worked in the parole office a total of four weeks. He was specifically assigned to work in the crawl space of the parole office for one day, at the very start of his assignment. Four other inmates had access to the crawl space on the same day that Austin worked there. At an unspecified point during Austin's term in the parole office, security staff discovered contraband tobacco in the crawl space. Austin was the only inmate disciplined. The Seventh Circuit determined that there was insufficient evidence that Austin had constructive possession of the contraband. The Circuit distinguished this case from *Hamilton* on the basis that: (i) there was no evidence that Austin knew of the contraband; (ii) there was no evidence the tobacco was present in the crawl space on the one day Austin worked there; and (iii) Austin appeared "to have been picked at random for punishment." *Id.*

Here, Paulk's case is much more analogous to *Hamilton* than it is to *Austin*. None of the factors that distinguished *Austin* from *Hamilton* are present in this case. Here, Paulk was the only worker at the site, he was alone in the restroom, the lid of the toilet tank was moved while he was in the restroom, and contraband was found in the toilet tank immediately after he exited the restroom. Unlike *Austin*, there is compelling circumstantial evidence that Paulk knew of, and was involved in, the presence of the contraband tobacco in the restroom. Paulk's contention that he was not caught with physical possession of the contraband is unavailing. The "some evidence" test is satisfied even if "no direct evidence" exists. *Hill,* 472 U.S. at 457. Indirect evidence linking the offender to the offense can satisfy the evidentiary requirement. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) (hearing officer permitted to rely on circumstantial evidence to find

4

offender guilty); *Brenneman v. Knight*, 297 F. App'x 534, 536 (7th Cir. 2008) (holding that email from prison instructor recounting prisoner's offensive contact was sufficient evidence of prisoner's guilt).

Finally, the DHO's reliance on a hearsay statement did not violate Paulk's due process rights. Prison disciplinary hearings are not actions in a court of law, and the Federal Rules of Evidence do not apply. *Walker v. O'Brien*, 216 F.3d 626, 637 (7th Cir. 2000); *Jackson v. Carlson*, 707 F.2d 943, 948 (7th Cir. 1983) (upholding a disciplinary finding of guilt where "the Institution Discipline Committee had direct evidence from a staff source, albeit presented in the form of hearsay").

The DHO had sufficient evidence that Paulk violated IDOC policy. Therefore, he is not entitled to habeas corpus relief. If Paulk wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, the habeas corpus petition is **DENIED**. The Clerk is **DIRECTED** to close this case. Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.

SO ORDERED on May 25th, 2017.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
